CARNLEY (COMSTOCK v.). See Case No. 3,081.

CARNOT (UNITED STATES v.). See Case No. 14,726.

CAROLIN (SMITH v.). See Case No. 13,020.

---

## Case No. 2,418.

### The CAROLINE.

[1 Brock. 384.] [1]

Circuit Court, D. Virginia. Nov. Term, 1819.

INFORMATION FOR FORFEITURE — ENGAGING IN SLAVE TRADE — CONSTRUCTION OF STATUTE AGAINST.

1. An act of congress declares, that "no person shall build, fit, equip, load, or otherwise prepare, any ship or vessel, &c., within any port of the U. S., nor shall cause any ship, or vessel, to sail from any port of the U. S., for the purpose of carrying on any trade, or traffic in slaves, to any foreign country," and it declares that "if any ship or vessel, shall be so fitted out, as aforesaid, or shall be caused to sail, as aforesaid, such ship or vessel, &c., shall be forfeited to the U. S." And the second section, inflicts a penalty of $2,000, on any person who shall build, fit out, &c. &c., any such ship or vessel, knowing, or intending that the same shall be so employed. *Held*, that the forfeiture of the vessel is not incurred by the building of the vessel for the illegal purpose aforesaid, but only for the fitting out, or causing her to sail as aforesaid.

2. An information against the vessel, which charges, "that she was built, fitted, equiped, loaded, or otherwise prepared, &c., or caused to sail," &c., is bad for the uncertainty, as to which of the several offences is charged; and on such information, a sentence of forfeiture ought not to be pronounced.

Error to the district court of the United States for the district of Virginia.

An information was filed in the district court, charging the brig Caroline, with violating the acts of congress, made for the suppression of the slave trade. A sentence of forfeiture was pronounced in the district court, and on a writ of error to the circuit court, the following opinion, reversing the sentence of the district court, was pronounced by

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[1] [Reported by John W. Brockenbrough, Esq.]

MARSHALL, Circuit Justice. The Caroline was seized, as being forfeited to the United States, for being concerned in the slave trade, in violation of the acts of 1794, and 1807, or of one of them. 1 Story's Laws, 319 [1 Stat. 347]; 2 Story's Laws, 1050 [2 Stat. 426].

The peculiar odium attached to the traffic, in which this vessel is alleged to have engaged, ought not to affect the legal questions which belong to the case.

The information charges, that the Caroline, "after the 22d day of March, 1794, was built, fitted, equipped, loaded, or otherwise prepared, within a port or place of the said United States, by a citizen, &c., for the purpose of carrying on trade, or traffic in slaves, to a foreign country," &c. There are other counts in the information; but as the observations made on this, apply to them also, it is deemed unnecessary to recite them. The charge contained in this information, is understood to be, that the Caroline was either built, fitted, equipped, loaded, or otherwise prepared, within a port or place of the United States, or that she was caused to sail from a port or place of the United States. It is not alleged, that all these acts were performed, but that some one of them, it is uncertain which, was performed. This information will be strictly and literally true, if the Caroline was either built, fitted, equipped, loaded, or otherwise prepared, within a port or place of the United States. In such a case, it is deemed essential to the validity of the judgment, that it should be such as the law will authorize the court to render, on proof of any one of the acts charged in the information. If any one of two or more acts be innocent, and the information charges that one or the other of them has been committed, it would violate the clearest principles of law, to pronounce judgment against the accused. If the law should inflict forfeiture on a vessel which should sail out of port on a certain day, and an information should charge that a vessel did sail on that day, or did not sail on it, all would concur in declaring that no sentence of forfeiture could be pronounced against such a vessel. So, if several acts be prohibited under several penalties, and on one of them, the penalty of forfeiture be inflicted, the information must charge, in explicit terms, that the particular crime to which the law has annexed forfeiture as a penalty, has been committed, or the court cannot adjudge the thing to be forfeited. If, for example, it be forbidden by statute to build, or fit, a vessel for the slave trade, and to building, or fitting, be annexed, a penalty of $2,000, but to fitting, be superadded a forfeiture of the vessel, the information must charge a "fitting" of the vessel, or the court cannot adjudge her to be forfeited. These positions seem to me to be incontestable. If this be correct, it only remains to inquire whether the statute in-

flicts forfeiture on each of the offences charged in the information.

The act declares that no person "shall build, fit, equip, load, or otherwise prepare any ship or vessel within any port or place of the United States, nor shall cause any ship or vessel to sail from any port or place within the same, for the purpose of carrying on any trade or traffic in slaves to any foreign country." It is perfectly clear that each of these acts is prohibited; but it is equally clear, that if the law had proceeded no farther, the vessel would not have been forfeitable for either of them. To the legislature it belongs, to define punishment as well as crime, and courts would certainly step very far beyond their province, were they to annex forfeiture to offences, to which the legislature had not annexed that penalty. In order to determine whether all, or any of the offences enumerated in the part of the act, which has been recited, be cause of forfeiture, it will be necessary to examine that part of the law which prescribes the punishment.

The law proceeds to say, "and if any ship or vessel shall be fitted out, as aforesaid, or shall be caused to sail, as aforesaid, every such ship or vessel, her tackle, furniture, apparel, and other appurtenances, shall be forfeited to the United States." The penalty of forfeiture is here annexed only to the act of "fitting out as aforesaid," that is, for traffic in slaves; or to the act of sailing, for the purpose of engaging in that traffic. It is unusual for a legislative act, when it has enumerated certain offences, to vary the language by changing the enumeration, when penalties are to be annexed to those offences, if the intention be to punish them all in the same manner. When a form of expression is used, applicable to the enumeration of several distinct offences, and a penalty is afterwards inflicted on one or more of them, leaving others out of the recital, the mind is drawn to the conclusion, that, in the opinion of the legislature, at least, the offences are distinct, and the punishment is to be different. In legislative acts, we are not accustomed to such a parsimony of words as to expect, where several offences are enumerated, that the legislature, if it means to punish them all in the same manner, will drop several of them in that part of the sentence which recites the offences to be punished, merely to avoid that expenditure of words which would be incurred by repeating the enumeration. If, then, the offences were not materially variant, it would seem to be a fair construction of such an act, to presume that the legislature supposed some distinction to exist between them. But in this case, the offences are totally different from each other. To build a vessel, and to fit out a vessel, are two distinct acts, as clearly separable from each other as any acts whatever. The terms are applied to distinct and different op-

erations. To build a vessel, is to construct her; to fit her out, is to prepare her for sea after she has been constructed, They are no more the same act, than to build a house, and to furnish a house, are the same.

I cannot admit, that the legislature ought to be considered as having omitted the word "built," in that part of the act which enumerates the offences which are cause of forfeiture, from an idea, that the word "fitted out" could apply, in this place, to a vessel "built," but not "fitted out." In addition to the well-established meaning of the words, the clause inflicting forfeiture does itself show, that in using the term "fitted out," the legislature had in contemplation, a vessel equipped for her voyage. The words are, "such ship or other vessel, her tackle, furniture, apparel, and other appurtenances, shall be forfeited to the United States." This is obviously the state of a vessel actually fitted out, but a ship may be built without "tackle, furniture, apparel, and other appurtenances." The second section inflicts a penalty of $2,000 on any person who shall build, fit out, equip, load, or otherwise prepare, or send away, any ship or vessel, knowing, or intending, that the same shall be employed in the trade, or business, prohibited by the act. On an information against the builder of a ship, not concerned in fitting her out, would it be a defence to say, that the legislature used the word "building" in the same sense with the words "fitting out?" and as he had not "fitted out," so he had not built, in the sense in which that term is used in the law. I cannot be mistaken, when I say, that no gentleman of the bar would hazard such a defence. And yet, I cannot perceive the difference between saying, that under the second section, no ship can be considered as built, unless she be fitted out, and saying, that under the third section, the words "built" and "fitted out" have the same meaning.

The plain sense of the law appears to me to be this. In the first section, various offences are enumerated. In two of which, "fitting out," and "sailing," forfeiture is annexed. In the second section, the penalty of $2,000 is inflicted on any person, who, knowingly, commits any one of these offences. As this information charges that one of several offences has been committed, and they are not, in law, each of them cause of forfeiture, I should, so far as I can trust my own judgment, be of opinion, that a sentence of forfeiture ought not to have been pronounced.[2]

Sentence of the district court reversed.

---

[2] Quaere, would this information have been good, if the section of the act of congress, commented on above, instead of annexing the penalty of forfeiture to two only of the offences enumerated in it, had subjected each of them to the same penalty? The offences prohibited by the act are, the building, fitting, equipping, loading, or otherwise preparing any ship, &c., or causing any ship to sail, &c.; and the information, adopting the phraseology of the law,

charged that the brig Caroline "was built, fitted, equipped, loaded, or otherwise prepared, &c." As the act in question is of a highly penal character, it is apprehended that the rules of criminal pleading, in all their strictness, are applicable to proceedings under it except where those rules are founded on mere "technical niceties," "unimportant in themselves," "standing only on precedents, of which the reason cannot be discerned." See 1 Brock. 350 [U. S. v. The Little Charles, Case No. 15,612]. Those rules require, that where two or more offences are enumerated in a statute, to the commission of which, or of either of them, any given penalty is annexed, an indictment, or information founded upon the statute, if it charges more than one of those offences, must charge them conjunctively, though the law itself, in its enumeration, may have connected them by the alternative conjunction, or; and although, in point of fact, proof of any one of them will support an indictment or information. Thus, the Virginia statute against unlawful shooting, &c., affixes a penalty, when the act is done with intent to maim, disfigure, disable, or kill, yet the indictment must charge the intents conjunctively; but though all the intents be laid in the indictment, proof of any one supports the indictment. Angel v. Com., 2 Va. Cas. 231. See, also, 1 Chit. Cr. Law, 236. The English statute punishes "forging, or causing to be forged." The indictments must say, "forged and caused, &c." Williams' Case, 1 Leach, 529. So the statute says, "cut or deface;" but the indictment must charge them conjunctively. Black Act, Crown Cir. Comp. 82. "Black or otherwise disguise;" "forge, or counterfeit;" "acquittance, or receipt;" "indictment." 2 East, P. C. 923, 934. So in indictments under the Coventry act. 3 Chit. Cr. Law, 787; 1 East, P. C. 402; 1 Leach, 55.

